UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| TRAVETTE COPELAND, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>BAYER HEALTHCARE PHARMACEUTICALS INC.,<br><br>Defendant. | Case No.  5:24-cv-03042-BLF<br><br>**ORDER GRANTING ADMINISTRATIVE MOTION TO CONSIDER WHETHER PLAINTIFFS' MATERIAL SHOULD BE SEALED**<br><br>[Re:  ECF No. 26] |

Before the Court is Defendant Bayer Healthcare Pharmaceuticals Inc.'s ("Bayer") Administrative Motion to Consider Whether Plaintiffs' Material Should Be Sealed Pursuant to L.R. 7-11 and 79-5(f).  ECF No. 26.  For the reasons described below, the administrative motion is GRANTED.

**I.      LEGAL STANDARD**

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)).  Accordingly, when considering a sealing request, "a 'strong presumption in favor of access' is the starting point." *Id.* (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)).  Parties seeking to seal judicial records relating to motions that are "more than tangentially related to the underlying cause of action" bear the burden of overcoming the presumption with "compelling reasons" that outweigh the general history of access and the public policies favoring disclosure.  *Ctr. for Auto Safety v. Chrysler Grp.*, 809 F.3d 1092, 1099 (9th Cir. 2016); *Kamakana*, 447 F.3d at 1178–79.

**II.     DISCUSSION**

Bayer filed the Administrative Motion to Consider Whether Plaintiffs' Material Should Be Sealed Pursuant to L.R. 7-11 and 79-5(f) on August 2, 2024.  ECF No. 26.  The motion addresses selected portions of Exhibit E to the Declaration of Isabelle L. Ord in Support of Bayer's Request for Judicial Notice and Motion to Dismiss the Class Action Complaint ("Ord RJN Decl.").  *See* ECF No. 25-3 at 45–46.  Bayer writes that while "it is Plaintiffs' burden to establish that the redacted information should remain under seal," Defendant "does not oppose sealing the portions of the document that were filed with redactions provisionally under seal."  ECF No. 26 at 2.

Plaintiffs Travette Copeland and Lila Chu ("Plaintiffs") filed Plaintiffs' Corrected Response Opposition to Defendant's Administrative Motion to Consider Whether Plaintiffs' Material Should Be Sealed on August 8, 2024.  ECF No. 28.  Plaintiffs write that the information should be sealed because it contains personally identifying information and sensitive health information unrelated to this lawsuit, and that therefore the "redaction should remain in place to protect Ms. Copeland's medical privacy."  *Id.* at 2–3.

The Court finds that compelling reasons exist to seal the highlighted portions of the document.  "Courts have repeatedly concluded that the need to keep personal health information confidential outweighs the presumption in favor of public access to court records."  *California Spine & Neurosurgery Inst. v. United Healthcare Ins. Co.*, No. 19-CV-02417-LHK, 2021 WL 1146216, at *3 (N.D. Cal. Feb. 12, 2021); *San Ramon Reg'l Med. Ctr., Inc. v. Principal Life Ins. Co.*, No. C 10-02258 SBA, 2011 WL 89931, at *1 n.1 (N.D. Cal. Jan. 10, 2011) (finding that "the need to protect the Patient's confidential medical information" outweighed the presumption in favor of disclosure); *Ortiz v. City & Cnty. of San Francisco*, No. 18-CV-07727-HSG, 2020 WL 2793615, at *9 (N.D. Cal. May 29, 2020) ("[H]ealth records properly meet the compelling reasons standard.").  Likewise, courts have found compelling reasons to seal personally identifying information.  *See, e.g.*, *Snapkeys, Ltd. v. Google LLC*, No. 19-CV-02658-LHK, 2021 WL 1951250, at *3 (N.D. Cal. May 14, 2021) (collecting cases); *see also Stiner v. Brookdale Senior Living, Inc.*, No. 17-CV-03962- HSG, 2022 WL 1180214, at *1 (N.D. Cal. Mar. 29, 2022) (sealing the names and addresses of nonparty family members).  The Court also finds that the request is

narrowly tailored.

The Court's ruling is summarized below:

| ECF or Exhibit No. | Document | Portion(s) to Seal | Ruling |
|---|---|---|---|
| 25-3, at pp. 45-46 | Exhibit E to Ord RJN Decl.: Kaiser Permanente "Physician Bill for Services" document | Portions highlighted in yellow | Granted, as containing personally identifying information and confidential medical information |

### III.   ORDER

For the foregoing reasons, IT IS HEREBY ORDERED that the administrative motion is GRANTED.

Dated:  August 20, 2024

_____
BETH LABSON FREEMAN
United States District Judge

3